UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62507-BLOOM/Valle

PAMELA RAY,

    Plaintiff,

v.

ADAMS AND ASSOCIATES, INC., *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS AND TO STRIKE

**THIS CAUSE** is before the Court upon Defendants Adams and Associates, Inc. ("AAI"), Othniel McDowell's ("McDowell"), and Mary Geoghegan's ("Geoghegan") (collectively, "Defendants") Motion to Dismiss First Amended Complaint and to Strike Immaterial Allegations, ECF No. [21] ("Motion"), filed on February 4, 2022. Plaintiff Pamela Ray ("Plaintiff") filed a Response, ECF No. [22], to which Defendants filed a Reply, ECF No. [25]. The Court has carefully reviewed the Motion, the Response and Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I.    BACKGROUND**

This case involves alleged overtime wage violations by Defendants. *See* ECF No. [15] ("Amended Complaint"). Plaintiff alleges that she was an employee of AAI, whose duties included "performing manual labor associated with a cafeteria worker[.]" *Id*. at ¶ 15. According to Plaintiff, she regularly worked in excess of forty hours per week and was not paid for any time over forty hours. *Id*. ¶¶ 24-25. As a result, Plaintiff asserts a claim for recovery of overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (Count I), against Defendants. In the

Motion, Defendants seek dismissal of Plaintiff's claim for failure to state a claim under Rule 12(b)(6), and request that the Court strike the allegations pertaining to alleged retaliation under Rule 12(f).

## II.     LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006). "[T]he court may dismiss a complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citations omitted).

### III. DISCUSSION

In the Motions, Defendants argue that dismissal of the Amended Complaint is warranted because (1) it is a shotgun pleading, (2) it fails to sufficiently allege coverage under the FLSA, (3) Plaintiff's claim is barred by the statute of limitations, and (4) Plaintiff cannot assert a FLSA claim against McDowell or Geoghegan individually because they were not Plaintiff's "employer." The Court considers each argument in turn.

#### A. Shotgun Pleading

Defendants argue that the first Amended Complaint is a shotgun pleading and includes conclusory, vague, and immaterial facts not obviously connected to any particular cause of action and should be dismissed. Plaintiff responds that there are no counts that are alleged into other counts, and that the Amended Complaint can be easily read and followed.

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates . . . [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006).[1] Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted).

Upon review, while the Amended Complaint is not a model of clarity, the Court does not agree that it should be dismissed as a shotgun pleading. Notably, Defendants have not argued, nor does the Court find, that the Amended Complaint is unintelligible or otherwise fails to put Defendants on notice of the claim against them. As such, the Court will not dismiss the Amended Complaint on this basis.

---

[1] The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Merch. One, Inc. v. TLO, Inc.*, No. 19-CV-23719, 2020 WL 248608, at *3 (S.D. Fla. Jan. 16, 2020) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted)).

B. **Coverage under the FLSA**

Defendants' second argument for dismissal is that the Amended Complaint does not adequately allege coverage under the FLSA because the allegations regarding enterprise and individual coverage are conclusory. Specifically, Defendants argue that the Amended Complaint fails to include any allegations indicating that Plaintiff used the instrumentalities of interstate commerce. Nor does the Complaint adequately assert that AAI is involved in interstate commerce.

"[T]he requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008). To state a claim under the FLSA for unpaid wages, an employee must allege (1) an employment relationship; (2) that the employer or employee engaged in interstate commerce; and (3) that the employer failed to pay overtime compensation and/or minimum wages. *See Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). The FLSA provides for two forms of coverage, individual coverage and enterprise coverage. *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1265-66 (11th Cir. 2006) ("Under FLSA, an employer is required to pay overtime compensation if the employee can establish enterprise coverage or individual coverage."); *Polycarpe v. E&S Landscaping Serv., Inc.*, 616 F.3d 1217, 1220 (11th Cir. 2010) (noting that "either individual coverage or enterprise coverage can trigger the Act's applicability").

"For individual coverage to apply under FLSA, [the plaintiff] must [ ] provide[ ] evidence . . . that he was (1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne*, 448 F.3d at 1266 (citing 29 U.S.C. § 207(a)(1)). "[F]or an employee to be 'engaged in commerce' under the FLSA, he must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using

5

the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel." *Id*. (citation omitted). Here, Plaintiff alleges that "she regularly and recurrently participated in the actual movements of goods or services and commerce across state lines. For example, she regularly and recurrently unloaded the truck that would bring food supplies, cafeteria supplies, and other products from out of state to the Defendant's campus." ECF No. [15] at ¶ 8. These allegations at this stage are sufficient for individual coverage.

With respect to enterprise coverage, "[a]n employer falls under the enterprise coverage section of the FLSA if it 1) 'has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person' and 2) has at least $500,000 of 'annual gross volume of sales made or business done.'" *Polycarpe*, 616 F.3d at 1220 (quoting 29 U.S.C. § 203(s)(1)(A)). Plaintiff alleges that AAI has a gross annual sales volume exceeding $500,000.00 annually, "at least 15 employees [] who use computers, computer software, office supplies, copiers which were manufactured outside the State of Florida[,] various employees make long distance phone calls (suppliers, internet purchases, and others) and sen[d] emails to individuals who reside out of the State of Florida regularly and recurrently[.]" ECF No. [15] at ¶ 7. These allegations at this stage are sufficient for enterprise coverage. *See Polycarpe*, 616 F.3d at 1220 ("if an employer had two or more workers engaged in commerce or the production of goods for commerce, FLSA coverage extended to all of the enterprise's employees.") (citing *Dunlop v. Industrial Am. Corp*. 516 F.2d 498, 500-01 (5th Cir. 1975)).

Indeed, under federal pleading standards, "[t]o state a claim with sufficient specificity 'requires a complaint with enough factual matter (taken as true) to suggest' the required element. The rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply

calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Laby*, 319 F. App'x at 763 (quoting *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295-96 (11th Cir. 2007). As such, the Amended Complaint states sufficient facts to plausibly allege coverage under the FLSA.

### C. Statute of Limitations

Defendants argue that the Amended Complaint should also be dismissed because Plaintiff asserts that she began working for AAI in July 2018, which is beyond the applicable statute of limitations. Defendant further contends that Plaintiff fails to identify the time period for which she claims she was not properly paid overtime. Defendants argue that in reviewing Plaintiff's statement of claim, it is clear that she seeks compensation beyond three years. Defendants' arguments are not persuasive for two reasons.

First, whether a claim is barred by the statute of limitations should be raised as an affirmative defense in the answer rather than in a motion to dismiss. *See La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("A statute of limitations bar is an affirmative defense and plaintiffs are not required to negate an affirmative defense in their complaint.") (internal citation and quotation omitted). Only if the complaint on its face shows that the statute of limitations bars the action, is it proper to dismiss upon statute of limitation grounds. *Labbe*, 319 F. App'x at 764. The Court therefore, should not look to the statement of claim to determine whether Plaintiff seeks to recover for a time period outside the statute.

Moreover, Plaintiff alleges that she worked for Defendant from July 2018 to December 2019. ECF No. [15] at ¶ 15. Plaintiff initiated this case on December 15, 2021, and therefore at least a portion of her claim falls within the applicable statute of limitations. Indeed, "[t]he possibility that *some* of the alleged violations may have occurred during a time-barred period,

however, does not sustain the dismissal of the complaint, in its entirety." *Labbe*, 319 F. App'x at 764. As such, dismissal of the Amended Complaint on statute of limitation grounds would be improper.

### D. FLSA Claim against McDowell and Geoghegan

Defendants argue that Plaintiff's claim against McDowell and Geoghegan must be dismissed because they were not her "employer" under the FLSA. In particular, Defendants argue that the Amended Complaint does not specify the job responsibilities and functions of McDowell and Geoghegan, but simply alleges in conclusory form that they "are high-level managers" and "had operational control," made "financial decisions," and operated the business on a "day-to-day" basis. *See* ECF No. [15] at ¶ 9. In response, Plaintiff contends that the allegations in the Amended Complaint are sufficient.

"The statutory definition of 'employer' is . . . broad; it encompasses both the employer for whom the employee directly works as well as 'any person acting directly or indirectly in the interests of an employer in relation to an employee.'" *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011) (quoting 29 U.S.C. § 203(d)). "[T]he FLSA contemplates that a covered employee may file suit directly against an employer that fails to pay him the statutory wage, or may make a derivative claim against any person who (1) acts on behalf of that employer and (2) asserts control over conditions of the employee's employment." *Id.*; *see also Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986). "[A] supervisor's title does not in itself establish or preclude his or her liability under the FLSA[.]" *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013).

In the Amended Complaint, Plaintiff alleges generally that

> McDowell and Geoghegan are high-level managers of the corporate Defendant and operated it day-to-day and have current operational control over the corporate

> Defendant deciding all financial decisions and having say over numerous employees and directing their day-to-day, including how much they would be paid and when they would be paid, as the individual Defendants had the power [to] hire and fire, daily managed the company and were ultimately responsible for the profitability of the business—they terminated Ray.

ECF No. [15] at ¶ 9. Specifically with respect to Plaintiff, the Amended Complaint alleges that

> Defendants McDowell and Geoghegan hired her, told her what to do day-to-day, determined how much and whether she would be paid, . . . suspended her, and fired her, . . . and Ray had to follow the individual Defendants' orders.

*Id*. at ¶ 10. Upon review, these allegations are sufficient. Contrary to Defendants' argument, Plaintiff need not specify the level of operational control each Defendant had over her compensation, schedule, or workload. FLSA claims are not subject to a heightened pleading standard. *See Burton v. Hillsborough Cnty., Fla.*, 181 F. App'x 829, 840 (11th Cir. 2006) (rejecting call for heightened pleading under the FLSA).

As a result, the Court will not dismiss Plaintiff's claim against McDowell and Geoghegan.

**E.  Allegations Regarding Retaliation**

Finally, Defendants request that the Court strike allegations in the Amended Complaint regarding retaliation. Defendants argue that because Plaintiff has not asserted a separate claim for retaliation, any references to complaints regarding overtime payments and subsequent termination are not relevant and should be stricken. In response, Plaintiff asserts that the allegations are pertinent to the issue of willfulness.

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005). Despite this discretion, "'[a] motion to strike is a drastic remedy[,]' which is

9

Case No. 21-cv-62507-BLOOM/Valle

disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) and *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)).

The circumstances here do not warrant striking the requested allegations. Defendants fail to persuade the Court that the allegations regarding Plaintiff's complaints and termination have no possible relation to her claim, or that they may cause prejudice to Defendants. Nevertheless, to the extent that Defendants argue that these allegations should not be read to assert a claim for retaliation, the Court agrees. It is incumbent upon Plaintiff to clearly set forth her claims, as it is not the Court's responsibility to divine causes of action by implication.

### IV. CONCLUSION

For the foregoing reasons, Defendants Motion, **ECF No. [21]**, is **DENIED**. Defendants shall file their answer to the Amended Complaint **no later than April 18, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 11, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record